People v Carr (2026 NY Slip Op 00477)

People v Carr

2026 NY Slip Op 00477

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Ind. No. 70323/23|Appeal No. 5714|Case No. 2025-00589|

[*1]The People of the State of New York, Respondent,
vLatrese Carr, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Frances C. Klein Weil of counsel), for appellant.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J.), rendered December 18, 2024, convicting defendant, upon his plea of guilty, of attempted reckless endangerment in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating defendant's plea to reckless endangerment in the first degree, and otherwise affirmed.
Defendant entered into a conditional plea agreement, requiring that he initially plead guilty to both first-degree reckless endangerment and attempted first-degree reckless endangerment, with the understanding that if he successfully returned to court on the date of sentencing, without incurring any additional arrests, his plea to first-degree reckless endangerment would be vacated, and he would be sentenced only on his plea to attempted first-degree reckless endangerment to a term of 1½ to 3 years. It is undisputed that defendant satisfied the conditions of this agreement, and the court imposed the promised sentence, consistent with that agreement. However, the court neglected to orally announce that it was vacating defendant's plea of guilty to first-degree reckless endangerment. Notably, the court's action sheet on that date reflects the court's belief that it did vacate that portion of the plea, consistent with the agreement. Accordingly, in light of defendant's compliance with the plea agreement, we vacate defendant's plea of guilty to reckless endangerment in the first degree (see generally People v Brown, 161 AD3d 417 [1st Dept 2018]; People v Anonymous, 97 AD3d 1, 7 [1st Dept 2012]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026